NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 16 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| DIDI LIN, | No. 22-1372 |
| Petitioner, | Agency No. A208-480-434 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 3, 2023[**]
Honolulu, Hawaii

Before: BERZON, MILLER, and VANDYKE, Circuit Judges.

Didi Lin, a citizen of China, petitions for review of a Board of Immigration

Appeals ("BIA") decision affirming the immigration judge's ("IJ") denial of his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"). We deny the petition for review.[1]

"Where, as here, the BIA reviewed the IJ's credibility-based decision for clear error and 'relied upon the IJ's opinion as a statement of reasons' but 'did not merely provide a boilerplate opinion,' we look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022) (internal quotation marks omitted) (quoting *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014)). "In so doing, we review here the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's oral decision in support of those reasons." *Id.* (internal quotation marks omitted) (quoting *Lai*, 773 F.3d at 970). "We review factual findings, including adverse credibility determinations, for substantial evidence." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). Under the substantial evidence standard, factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020) (internal quotation marks omitted) (quoting *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016)).

---

[1] The stay of removal remains in place until the mandate issues.

1.  Lin's travel to Europe and return to China before entering the United States constitute substantial evidence undermining his credibility. An individual's voluntary return to the country of alleged persecution after failing to seek asylum elsewhere may undermine the credibility of his testimony concerning past persecution or fear of future persecution. *See Jie Cui v. Holder*, 712 F.3d 1332, 1337 (9th Cir. 2013); *Loho v. Mukasey*, 531 F.3d 1016, 1018 (9th Cir. 2008). Lin's failure to investigate the possibility of obtaining asylum in Europe, and his voluntary return to China shortly afterwards, therefore support the adverse credibility finding. *Jie Cui*, 712 F.3d at 1338.

2.  Discrepancies between Lin's testimony and his wife's tubal ligation certificate also support the adverse credibility finding. The ligation certificate lists a different hospital than the one where Lin testified the surgery occurred. Furthermore, the document was apparently acquired months after the sterilization, but lists the date of the procedure rather than that of the document's acquisition. The IJ provided Lin with an opportunity to explain those inconsistencies. *Barseghyan v. Garland*, 39 F.4th 1138, 1143 (9th Cir. 2022). Lin provided some explanation for the discrepancy, but the IJ provided a "specific and cogent reason for rejecting" it. *Id.* (internal quotation marks omitted) (quoting *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011)). The BIA affirmed the IJ's conclusion.

Accordingly, the inconsistencies between the ligation certificate and Lin's testimony further support the BIA's adverse credibility ruling.

3. The two factors already discussed, taken together, constitute substantial evidence supporting the adverse credibility finding. *See Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc). We therefore need not address whether the BIA properly relied on the false statements on Lin's visa application as also indicating a lack of credibility.

In sum, as the record does not compel this court to conclude Lin was credible, substantial evidence supports the agency's denial of his application for asylum and withholding of removal for failure to satisfy the necessary burden of proof.

**PETITION DENIED.**